ARTURO J. GONZÁLEZ (CA SBN 121490)
AGonzalez@mofo.com
TIFFANY CHEUNG (CA SBN 211497)
TCheung@mofo.com
ALEXIS A. AMEZCUA (CA SBN 247507)
AAmezcua@mofo.com
SABRINA A. LARSON (CA SBN 291661)
SLarson@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

Attorneys for Defendant
APPLE INC.

Steve W. Berman (*pro hac vice*)
Thomas E. Loeser (SBN 202724)
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
Email: steve@hbsslaw.com
Email: toml@hbsslaw.com

Peter A. Shaeffer (pro hac vice)
HAGENS BERMAN SOBOL SHAPIRO LLP
455 North Cityfront Plaza Drive, Suite 2410
Chicago, IL 60611
Telephone: (708) 628-4949
Facsimile: (708) 628-4950
Email: petersh@hbsslaw.com

Tina Wolfson (SBN 174806)
Theodore W. Maya (SBN 223242)
Bradley S. King (SBN 274399)
Christopher E. Stiner (SBN 276033)
AHDOOT & WOLFSON, PC
2600 W. Olive Avenue, Suite 500
Burbank, CA 91505
Telephone: (310) 474-9111
Facsimile: (310) 474-8585
Email: twolfson@adhootwolfsom.com
Email: tmaya@adhootwolfsom.com
Email: bking@adhootwolfsom.com
Email: cstiner@adhootwolfsom.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| ELAINE ANDERSON, et al., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation,<br><br>Defendant. | Case No. 3:20-cv-02328-WHO<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Judge: Honorable William H. Orrick<br><br>Second Am. Compl. Filed: December 16, 2020 |

1
2

**STIPULATED PROTECTIVE ORDER**
**REGARDING THE DISCLOSURE AND USE OF DISCOVERY MATERIALS**

3
4
5
6
7
8

Plaintiffs Elaine Anderson, et al. ("Plaintiffs") and Defendant Apple Inc. ("Defendant" or "Apple") anticipate that documents, testimony, or information containing or reflecting confidential, proprietary, trade secret, and/or commercially sensitive information are likely to be disclosed or produced during the course of discovery, initial disclosures, and supplemental disclosures in this case and request that the Court enter this Order setting forth the conditions for treating, obtaining, and using such information.

9
10
11

Pursuant to the Federal Rules of Civil Procedure, Rule ("Rule") 26(c), the Court finds good cause for the following Agreed Protective Order Regarding the Disclosure and Use of Discovery Materials ("Order" or "Protective Order").

12

### 1.    PURPOSES AND LIMITATIONS

13
14
15

(a)    Protected Material designated under the terms of this Protective Order shall be used by a Receiving Party solely for this case, and shall not be used directly or indirectly for any other purpose whatsoever.

16
17
18
19
20
21
22

(b)    The Parties acknowledge that this Order does not confer blanket protections on all disclosures during discovery, or in the course of making initial or supplemental disclosures under Rule 26(a).  Designations under this Order shall be made with care and shall not be made absent a good faith belief that the designated material satisfies the criteria set forth below.  If it comes to a Producing Party's attention that designated material does not qualify for protection at all, or does not qualify for the level of protection initially asserted, the Producing Party must promptly notify all other Parties that it is withdrawing or changing the designation.

23

### 2.    DEFINITIONS

24
25
26
27

(a)    "Discovery Material" means all items or information, including from any non-party, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced, disclosed, or generated in connection with discovery or Rule 26(a) disclosures in this case.

28

(b)     "Expert" means a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party to serve as an expert witness or consultant, (2) if retained by Plaintiffs, is not a past or current employee or consultant of Defendant, (3) if retained by Plaintiffs, is not a current officer, director, or employee of any competitor of Defendant in smartphones, smartphone technology, or other technology related to cellular, Bluetooth, or Wi-Fi connectivity, and (4) if retained by Plaintiffs, at the time of retention, is not anticipated to become an officer, director, or employee of Defendant or of any competitor of Defendant in smartphones, smartphone technology, or other technology related to cellular, Bluetooth, or Wi-Fi connectivity.  For avoidance of doubt, any expert or consultant retained by Plaintiffs cannot be involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984) ("a counsel's activities, association, and relationship with a client that are such as to involve counsel's advice and participation in any or all of the client's decisions (pricing, product design, etc.) made in light of similar or corresponding information about a competitor"), for any competitor of Defendant in smartphones, smartphone technology, or other technology related to cellular, Bluetooth, or Wi-Fi connectivity.  "Expert" includes any professional jury or trial consultant retained in connection with this litigation but does not include mock jurors or focus group members.

(c)     "Outside Counsel" means (i) outside counsel who appear on the pleadings as counsel for a Party and (ii) partners, associates, and staff of such counsel to whom it is reasonably necessary to disclose the information for this litigation.

(d)     "Party" means any party to this case, including all of its officers, directors, employees, consultants, retained experts, and outside counsel and their support staffs.

(e)     "Producing Party" means any Party or non-party that discloses or produces any Discovery Material in this case.

(f)     "Protected Material" means any Discovery Material that is designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY," as provided for in this Order.  Protected Material shall not include:  (i) advertising materials that have been actually

published or publicly disseminated; and (ii) materials that show on their face they have been disseminated to the public.

(g)    "Receiving Party" means any Party who receives Discovery Material from a Producing Party.

### 3.    COMPUTATION OF TIME

The computation of any period of time prescribed or allowed by this Order shall be governed by the provisions for computing time set forth in Rule 6.

### 4.    SCOPE

(a)    The protections conferred by this Order cover not only Discovery Material governed by this Order as addressed herein, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or their counsel in court or in other settings that might reveal Protected Material.

(b)    Nothing in this Order shall be construed to prejudice any Party's right to use any Protected Material in court or in any court filing with the consent of the Producing Party or by order of the Court.

(c)    This Order is without prejudice to the right of any Party to seek further or additional protection of any Discovery Material or to modify this Order in any way, including, without limitation, an order that certain matter not be produced at all.

### 5.    DURATION

Even after the termination of this case, the confidentiality obligations imposed by this Order shall remain in effect until a Producing Party agrees otherwise in writing or a court order otherwise directs.

### 6.    ACCESS TO AND USE OF PROTECTED MATERIAL

(a)    Basic Principles.  All Protected Material shall be used solely for this case or any related appellate proceeding, and not for any other purpose whatsoever, including without limitation any other litigation, patent prosecution or acquisition, patent reexamination or reissue

proceedings, or any business or competitive purpose or function.  Protected Material shall not be distributed, disclosed or made available to anyone except as expressly provided in this Order.

(b)     Secure Storage, No Export. Protected Material must be stored and maintained by a Receiving Party at a location in the United States and in a secure manner that ensures that access is limited to the persons authorized under this Order.  To ensure compliance with applicable United States Export Administration Regulations, Protected Material may not be exported outside the United States or released to any foreign national (even if within the United States).

(c)     Legal Advice Based on Protected Material. Nothing in this Protective Order shall be construed to prevent counsel from advising their clients with respect to this case based in whole or in part upon Protected Materials, provided counsel does not disclose the Protected Material itself except as provided in this Order.

(d)     Limitations.  Nothing in this Order shall prevent or restrict a Producing Party's own disclosure or use of its own Protected Material for any purpose, and nothing in this Order shall preclude any Producing Party from showing its Protected Material to an individual who prepared the Protected Material.  Nothing in this Order shall restrict in any way the use or disclosure of Discovery Material by a Receiving Party: (i) that is or has become publicly known through no fault of the Receiving Party; (ii) that is lawfully acquired by or known to the Receiving Party independent of the Producing Party; (iii) previously produced, disclosed and/or provided by the Producing Party to the Receiving Party or a non-party without an obligation of confidentiality and not by inadvertence or mistake; (iv) with the consent of the Producing Party; or (v) pursuant to order of the Court.

## 7.    **DESIGNATING PROTECTED MATERIAL**

(a)     Available Designations.  Any Producing Party may designate Discovery Material as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY," provided that it meets the requirements for such designations as provided herein.

(b)     Written Discovery and Documents and Tangible Things.  Written discovery, documents (which include "electronically stored information," as that phrase is used in Rule 34),

and tangible things that meet the requirements for the confidentiality designations listed in Paragraph 7(a) may be so designated by placing the appropriate designation on every page of the written material prior to production.  For digital files being produced, the Producing Party may mark each viewable page or image with the appropriate designation, and mark the medium, container, and/or communication in which the digital files were contained.  In the event that original documents are produced for inspection, the original documents shall be presumed "CONFIDENTIAL – ATTORNEYS' EYES ONLY" during the inspection and re-designated, as appropriate during the copying process.

(c)     Native Files.  Where electronic files and documents are produced in native electronic format, such electronic files and documents shall be designated for protection under this Order by appending to the file names or designators information indicating whether the file contains "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" material, or shall use any other reasonable method for so designating Protected Materials produced in electronic format. When electronic files or documents are printed for use at deposition, in a court proceeding, or for provision in printed form to an expert or consultant pre-approved pursuant to Paragraph 10, the party printing the electronic files or documents shall affix a legend to the printed document corresponding to the designation of the Designating Party and including the production number and designation associated with the native file.  No one shall seek to use in this litigation a .tiff, .pdf or other image format version of a document produced in native file format without first: (1) providing a copy of the image format version to the Producing Party so that the Producing Party can review the image to ensure that no information has been altered, and (2) obtaining the consent of the Producing Party, which consent shall not be unreasonably withheld.

(d)     Depositions and Testimony.  Parties or testifying persons or entities may designate depositions and other testimony   "as CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" by indicating on the record at the time the testimony is given or by sending written notice of how portions of the transcript of the testimony is designated within thirty (30) days of receipt of the transcript of the testimony.  If no indication on the record is made, all information disclosed during a deposition shall be deemed "CONFIDENTIAL – ATTORNEYS'

EYES ONLY" until the time within which it may be appropriately designated as provided for herein has passed. Any Party that wishes to disclose the transcript, or information contained therein, may provide written notice of its intent to treat the transcript as non-confidential, after which time, any Party that wants to maintain any portion of the transcript as confidential must designate the confidential portions within fourteen (14) days, or else the transcript may be treated as non-confidential. Any Protected Material that is used in the taking of a deposition shall remain subject to the provisions of this Protective Order, along with the transcript pages of the deposition testimony dealing with such Protected Material. In such cases the court reporter shall be informed of this Protective Order and shall be required to operate in a manner consistent with this Protective Order. In the event the deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this Protective Order, substantially along the lines of "This videotape contains confidential testimony used in this case and is not to be viewed or the contents thereof to be displayed or revealed except pursuant to the terms of the operative Protective Order in this matter or pursuant to written stipulation of the parties." Counsel for any Producing Party shall have the right to exclude from oral depositions, other than the deponent, deponent's counsel, the reporter and videographer (if any), any person who is not authorized by this Protective Order to receive or access Protected Material based on the designation of such Protected Material. Such right of exclusion shall be applicable only during periods of examination or testimony regarding such Protected Material.

(e)     Upward Designation of Information or Items Produced by Other Parties or Non-Parties. A Party may upward designate (i.e., change any documents or other material produced without a designation to a designation of "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or change any Protected Material produced as "CONFIDENTIAL" to a designation of "CONFIDENTIAL – ATTORNEYS' EYES ONLY") any Disclosure or Discovery Material produced by any other Party or Non-Party, provided that said Disclosure or Discovery Material contains the upward Designating Party's own CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY information, or otherwise is entitled to protective treatment under Rule 26(c). Upward designation shall be accomplished by providing

written notice to all Parties identifying (by Bates number or other individually identifiable information) the Disclosure or Discovery Material to be redesignated within thirty (30) days of the Designating Party's receipt of the production by the Producing Party.  Failure to upward designate within thirty (30) days of the Designating Party's receipt of the production, alone, will not prevent a Party from obtaining the agreement of all Parties to upward designate certain Disclosure or Discovery Material or from moving the Court for such relief.  Any Party may object to the upward designation of Disclosure or Discovery Material pursuant to the procedures set forth herein regarding challenging designations.

**8.     DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL"**

(a)     A Producing Party may designate Discovery Material as "CONFIDENTIAL" if it contains or reflects confidential, proprietary, and/or commercially sensitive information.  For avoidance of doubt, "CONFIDENTIAL" information may include personal identifying information of Plaintiffs and any other users of an individual Plaintiff's iPhone XR(s).

(b)     Unless otherwise ordered by the Court, Discovery Material designated as "CONFIDENTIAL" may be disclosed only to the following:

(i)     The Receiving Party's Outside Counsel, such counsel's immediate paralegals and staff, and any copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff;

(ii)     Not more than three (3) representatives of the Receiving Party who are officers or employees of the Receiving Party, who may be, but need not be, in-house counsel for the Receiving Party, as well as their immediate paralegals and staff, to whom disclosure is reasonably necessary for this case, provided that each such person has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A-1;

(iii)     Any outside Expert retained by the Receiving Party to assist in this action, provided that disclosure is only to the extent necessary to perform such work; and provided that: (a) such Expert has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A-2; (b) such Expert is not a current officer, director, or employee of a Party or

of a competitor of a Party, nor anticipated at the time of retention to become an officer, director or employee of a Party or of a competitor of a Party; (c) such Expert accesses the materials in the United States only, and does not transport them to or access them from any foreign jurisdiction; and (d) no unresolved objections to such disclosure exist after proper notice has been given as set forth in Paragraph 10 below;

(iv)    Court reporters, stenographers and videographers retained to record testimony taken in this action;

(v)    The Court, jury, and court personnel;

(vi)    Graphics, translation, design, and/or trial consulting personnel, having first agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A-1;

(vii)    Mock jurors who have signed an undertaking or agreement agreeing not to publicly disclose Protected Material and to keep any information concerning Protected Material confidential;

(viii)    Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order;

(ix)    The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information, including any corporate representative designated pursuant to Rule 30(b)(6) by a Party to appear at deposition on a topic related to the document or information, and has signed the agreement to be bound attached as Exhibit A-1, unless otherwise agreed by the Designating Party or ordered by the Court;

(x)    During their depositions, witnesses in this action to whom disclosure is reasonably necessary and who have signed the agreement to be bound attached as Exhibit A-1, unless otherwise agreed by the Designating Party or ordered by the Court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

1    (xi)    Any other person with the prior written consent of the Producing

2    Party.

3    **9.    DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL –**
     **ATTORNEYS' EYES ONLY"**

4

5    (a)    A Producing Party may designate Discovery Material as "CONFIDENTIAL

6    – ATTORNEYS' EYES ONLY" if it contains or reflects information that is extremely confidential

7    and/or sensitive in nature and the Producing Party reasonably believes that the disclosure of such

8    Discovery Material is likely to cause economic harm or significant competitive disadvantage to the

9    Producing Party.  The Parties agree that the following information, if non-public, shall be presumed

10   to merit the "CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation:   trade secrets,

11   pricing information, financial data, sales information, sales or marketing forecasts or plans,

12   business plans, sales or marketing strategy, product development information, engineering

13   documents, testing documents, employee information, and other non-public information of similar

14   competitive and business sensitivity.  The parties further agree that the names and ages of minor

15   children shall be presumed to merit the "CONFIDENTIAL – ATTORNEYS' EYES ONLY"

16   designation.

17   (b)    Unless otherwise ordered by the Court, Discovery Material designated as

18   "CONFIDENTIAL – ATTORNEYS' EYES ONLY" may be disclosed only to:

19   (i)    The Receiving Party's Outside Counsel, provided that such Outside

20   Counsel is not involved in competitive decision-making, as defined by *U.S. Steel v. United States*,

21   730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984) ("a counsel's activities, association, and relationship with

22   a client that are such as to involve counsel's advice and participation in any or all of the client's

23   decisions (pricing, product design, etc.) made in light of similar or corresponding information about

24   a competitor"), on behalf of a Party or a competitor of a Party, and such Outside Counsel's

25   immediate paralegals and staff, and any copying or clerical litigation support services working at

26   the direction of such counsel, paralegals, and staff;

27   (ii)    With respect to Discovery Material produced by Plaintiffs, not more

28   than three (3) in-house counsel of the Receiving Party, as well as their immediate paralegals and

staff to whom disclosure is reasonably necessary for this case, provided that each such person has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A-1;

(iii)     Any outside Expert retained by the Receiving Party to assist in this action, provided that disclosure is only to the extent necessary to perform such work; and provided that:  (a) such Expert has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A-2; (b) such Expert is not a current officer, director, or employee of a Party or of a competitor of a Party, nor anticipated at the time of retention to become an officer, director, or employee of a Party or of a competitor of a Party; (c) such Expert is not involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465 (Fed. Cir.1984), on behalf of a Party or a competitor of a Party; (d) such Expert accesses the materials in the United States only, and does not transport them to or access them from any foreign jurisdiction; and (e) no unresolved objections to such disclosure exist after proper notice has been given as set forth in Paragraph 10 below;

(iv)     Court reporters, stenographers and videographers retained to record testimony taken in this action;

(v)     The Court, jury, and court personnel;

(vi)     Graphics, translation, design, and/or trial consulting personnel, having first agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A-1;

(vii)     Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order;

(viii)     The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information, including any corporate representative designated pursuant to Rule 30(b)(6) by a Party to appear at deposition on a topic related to the document or information, and has signed the agreement to be bound attached as Exhibit A-1, unless otherwise agreed by the Designating Party or ordered by the Court;

1    (ix)    Any other person with the prior written consent of the Producing

2    Party.

3    (c)    In addition, a Party may disclose arguments and materials derived from

4    Discovery Material designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" to mock

5    jurors who have signed an undertaking or agreement agreeing not to publicly disclose Protected

6    Material and to keep any information concerning Protected Material confidential.  A Party may not

7    disclose to mock jurors any original, as-produced materials or information (including, for example,

8    documents, deposition testimony, or interrogatory responses) produced by another Party designated

9    as "CONFIDENTIAL - ATTORNEYS' EYES ONLY."

10    **10.    NOTICE OF DISCLOSURE**

11    (a)    Before any "CONFIDENTIAL" OR "CONFIDENTIAL – ATTORNEYS'

12    EYES ONLY" information, or substance or summary thereof, shall be disclosed to any Expert, the

13    Expert shall sign and abide by the terms provided in Exhibit A-2.  An Expert may make an

14    application to the Court with advance notice and based upon a showing of good cause for

15    modification of, or relief from, the obligations of terms provided in Exhibit A-2 prior to the review

16    of any "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" information.

17    (b)    Unless otherwise ordered by the Court or agreed in writing by Defendant,

18    fourteen (14) days prior to Plaintiffs disclosing to an Expert information or items that have been

19    designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" by

20    Defendant, Plaintiffs' counsel must conduct a good faith inquiry into whether the Expert has

21    performed any work for a competitor (as an employee or consultant) within the last ten (10) years

22    relating to the connectivity systems of smartphones; relating to the design, development, operation,

23    or patenting of smartphones or smartphone technology; or relating to the acquisition of intellectual

24    property assets relating to smartphones or smartphone technology for any entity and, if so, Plaintiffs

25    must identify to Defendant the general categories of "CONFIDENTIAL" and "CONFIDENTIAL

26    – ATTORNEYS' EYES ONLY" information that Plaintiffs seek to disclose, and the entity for

27    whom the Expert has performed such work, in order for Apple to evaluate whether good cause

28    exists to object to disclosure to the Expert.

(c)     Within fourteen (14) days of receipt of the disclosure required under Paragraph 10(b), Apple may object in writing to the Expert for good cause.  In the absence of an objection at the end of the fourteen (14)-day period, the Expert shall be deemed approved under this Protective Order.  There shall be no disclosure of Protected Material to the Expert prior to expiration of this fourteen (14)-day period.  If Apple objects to disclosure to the Expert within such fourteen (14)-day period, the Parties shall meet and confer via telephone or in person within seven (7) days following the objection and attempt in good faith to resolve the dispute on an informal basis.  If the dispute is not resolved, Apple will have seven (7) days from the date of the meet and confer to seek relief from the Court.  If relief is not sought from the Court within that time, the objection shall be deemed withdrawn.  If relief is sought, designated materials shall not be disclosed to the Expert in question until the Court resolves the objection.

(d)     For purposes of this section, "good cause" shall include an objectively reasonable concern that the Expert will, advertently or inadvertently, use or disclose Protected Materials in a way or ways that are inconsistent with the provisions contained in this Order.

(e)     An initial failure to object to an Expert under this Paragraph 10 shall not preclude Apple from later objecting to continued access by that Expert for good cause.  If an objection is made, the Parties shall meet and confer via telephone or in person within seven (7) days following the objection and attempt in good faith to resolve the dispute informally.  If the dispute is not resolved, Apple will have seven (7) days from the date of the meet and confer to seek relief from the Court.  The designated Expert may continue to have access to information that was provided to such Expert prior to the date of the objection.  If a later objection is made, no further Protected Material shall be disclosed to the Expert until the Court resolves the matter or Apple withdraws its objection.  Notwithstanding the foregoing, if Apple fails to move for a protective order within seven (7) business days after the meet and confer, further Protected Material may thereafter be provided to the Expert.

11.   **CHALLENGING DESIGNATIONS OF PROTECTED MATERIAL**

(a)     A Party shall not be obligated to challenge the propriety of any designation of Discovery Material under this Order at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge thereto.

(b)     Any challenge to a designation of Discovery Material under this Order shall be written, shall be served on outside counsel for the Producing Party, shall particularly identify the documents or information that the Receiving Party contends should be differently designated, and shall state the grounds for the objection.  Thereafter, further protection of such material shall be resolved in accordance with the following procedures:

(i)     The objecting Party shall have the burden of conferring either in person, in writing, or by telephone with the Producing Party claiming protection (as well as any other interested party) in a good faith effort to resolve the dispute.  The Producing Party shall have the burden of justifying the disputed designation.

(ii)     If the Parties cannot resolve a challenge without court intervention, they shall comply with the undersigned's Standing Order for Civil Cases and with Civil Local Rule 79-5, if applicable, within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier.  The parties' joint statement shall identify the challenged material and set forth in detail the basis for the challenge.  In each such joint statement, the parties shall attest that they have complied with the meet-and-confer requirements imposed in the preceding paragraph and set forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet-and-confer dialogue.

(iii)     Nothing in this Stipulation and Protective Order shall preclude or prejudice either party from arguing for or against any designation, or establish any presumption that a particular designation is valid.  Until the Court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation.

12.    **SUBPOENAS OR COURT ORDERS**

If at any time Protected Material is subpoenaed by any court, arbitral, administrative, or legislative body, the Party to whom the subpoena or other request is directed shall immediately give prompt written notice thereof to every Party who has produced such Discovery Material and to its counsel and shall provide each such Party with an opportunity to move for a protective order regarding the production of Protected Materials implicated by the subpoena.

13.    **FILING PROTECTED MATERIAL**

(a)    Absent written permission from the Producing Party or a court Order secured after appropriate notice to all interested persons, a Receiving Party may not file or disclose in the public record any Protected Material.

(b)    A party that seeks to file under seal with the Court any brief, document or materials that are designated as Protected Material under this Order must comply with Civil Local Rule 79-5 and the Court's Standing Order.

14.    **INADVERTENT DISCLOSURE OF PRIVILEGED MATERIAL**

(a)    Pursuant to the Federal Rules of Evidence, Rule 502(d), the inadvertent production by a Party of Discovery Material subject to the attorney-client privilege, work-product protection, or any other applicable privilege or protection, despite the Producing Party's reasonable efforts to prescreen such Discovery Material prior to production, will not waive the applicable privilege and/or protection if a request for return of such inadvertently produced Discovery Material is made promptly after the Producing Party learns of its inadvertent production.

(b)    Upon a request from any Producing Party who has inadvertently produced Discovery Material that it believes is privileged and/or protected, each Receiving Party shall immediately return such Protected Material or Discovery Material and all copies to the Producing Party, except for any pages containing privileged markings by the Receiving Party which shall instead be destroyed and certified as such by the Receiving Party to the Producing Party.

(c)    Nothing herein shall prevent the Receiving Party from preparing a record for its own use containing the date, author, addresses, and topic of the inadvertently produced Discovery Material and such other information as is reasonably necessary to identify the Discovery

1  Material and describe its nature to the Court in any motion to compel production of the Discovery

2  Material.

3        15.    **INADVERTENT FAILURE TO DESIGNATE PROPERLY**

4        (a)    The inadvertent failure by a Producing Party to designate Discovery Material

5  as Protected Material with one of the designations provided for under this Order shall not waive

6  any such designation provided that the Producing Party notifies all Receiving Parties that such

7  Discovery Material is protected under one of the categories of this Order within fourteen (14) days

8  of the Producing Party learning of the inadvertent failure to designate. The Producing Party shall

9  reproduce the Protected Material with the correct confidentiality designation within seven (7) days

10  upon its notification to the Receiving Parties.  Upon receiving the Protected Material with the

11  correct confidentiality designation, the Receiving Parties shall return or securely destroy, at the

12  Producing Party's option, all Discovery Material that was not designated properly.

13        (b)    A Receiving Party shall not be in breach of this Order for any use of such

14  Discovery Material before the Receiving Party receives such notice that such Discovery Material

15  is protected under one of the categories of this Order, unless an objectively reasonable person would

16  have realized that the Discovery Material should have been appropriately designated with a

17  confidentiality designation under this Order. Once a Receiving Party has received notification of

18  the correct confidentiality designation for the Protected Material with the correct confidentiality

19  designation, the Receiving Party shall treat such Discovery Material at the appropriately designated

20  level pursuant to the terms of this Order.

21        (c)    Notwithstanding the above, a subsequent designation of

22  "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall apply on a going

23  forward basis and shall not disqualify anyone who reviewed "CONFIDENTIAL" or

24  "CONFIDENTIAL – ATTORNEYS' EYES ONLY" materials while the materials were not

25  marked "CONFIDENTIAL – ATTORNEYS' EYES ONLY" from engaging in the activities set

26  forth in this Order.

27

28

**16.   INADVERTENT DISCLOSURE NOT AUTHORIZED BY ORDER**

(a)      In the event of a disclosure of any Discovery Material pursuant to this Order to any person or persons not authorized to receive such disclosure under this Protective Order, the Party responsible for having made such disclosure, and each Party with knowledge thereof, shall immediately notify counsel for the Producing Party whose Discovery Material has been disclosed and provide to such counsel all known relevant information concerning the nature and circumstances of the disclosure.  The responsible disclosing Party shall also promptly take all reasonable measures to retrieve the improperly disclosed Discovery Material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made.

(b)      Unauthorized or inadvertent disclosure does not change the status of Discovery Material or waive the right to hold the disclosed document or information as Protected.

**17.   FINAL DISPOSITION**

(a)      Not later than ninety (90) days after the Final Disposition of this case, each Party shall return all Discovery Material of a Producing Party to the respective outside counsel of the Producing Party or securely destroy or delete such Material, at the option of the Producing Party.  For purposes of this Order, "Final Disposition" occurs after an order, mandate, or dismissal finally terminating the above-captioned action with prejudice, including all appeals.

(b)      All Parties that have received any such Discovery Material shall certify in writing that all such materials have been returned to the respective outside counsel of the Producing Party, destroyed, or deleted.  Notwithstanding the provisions for return of Discovery Material, outside counsel may retain one set of pleadings, correspondence and attorney and consultant work product (but not document productions) for archival purposes, but must return any pleadings, correspondence, and consultant work product that contain Source Code.

**18.   DISCOVERY FROM EXPERTS OR CONSULTANTS**

(a)      Testifying and consulting experts shall not be subject to discovery with respect to any draft of his or her report(s) in this case.  Draft reports, notes, or outlines for draft reports developed and drafted by the expert and/or his or her staff are also exempt from discovery.

(b)     Discovery of materials provided to testifying experts shall be limited to those materials, facts, consulting expert opinions, and other matters actually relied upon by the testifying expert in forming his or her final report, trial, or deposition testimony or any opinion in this case. No discovery can be taken from any non-testifying expert except to the extent that such non-testifying expert has provided information, opinions, or other materials to a testifying expert relied upon by that testifying expert in forming his or her final report(s), trial, and/or deposition testimony or any opinion in this case.

(c)     No conversations or communications between counsel and any testifying or consulting expert will be subject to discovery unless the conversations or communications are relied upon by such experts in formulating opinions that are presented in reports or trial or deposition testimony in this case.

(d)     Materials, communications, and other information exempt from discovery under the foregoing Paragraphs 18 (a)–(c) shall be treated as attorney-work product for the purposes of this litigation and Order.

**19.     MISCELLANEOUS**

(a)     Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.  By stipulating to this Order, the Parties do not waive the right to argue that certain material may require additional or different confidentiality protections than those set forth herein.

(b)     Termination of Matter and Retention of Jurisdiction.  The Parties agree that the terms of this Protective Order shall survive and remain in effect after the Final Determination of the above-captioned matter.  The Court shall retain jurisdiction after Final Determination of this matter to hear and resolve any disputes arising out of this Protective Order.

(c)     Successors.  This Order shall be binding upon the Parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

(d)     Right to Assert Other Objections. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.  This Order shall not constitute a waiver of the right of any Party to claim in this action or otherwise that any Discovery Material, or any portion thereof, is privileged or otherwise non-discoverable, or is not admissible in evidence in this action or any other proceeding.

(e)     Burdens of Proof.  Notwithstanding anything to the contrary above, nothing in this Protective Order shall be construed to change the burdens of proof or legal standards applicable in disputes regarding whether particular Discovery Material is confidential, which level of confidentiality is appropriate, whether disclosure should be restricted, and if so, what restrictions should apply.

(f)     Modification by Court.  This Order is subject to further court order based upon public policy or other considerations, and the Court may modify this Order *sua sponte* in the interests of justice. The United States District Court for the Northern District of California is responsible for the interpretation and enforcement of this Order.  All disputes concerning Protected Material, however designated, produced under the protection of this Order shall be resolved by the United States District Court for the Northern District of California.

(g)     Discovery Rules Remain Unchanged.  Nothing herein shall alter or change in any way the discovery provisions, including the requirements for and scope of expert discovery, in accordance with the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the Northern District of California, and the Court's own orders.  Identification of any individual pursuant to this Protective Order does not make that individual available for deposition or any other form of discovery outside of the restrictions and procedures of the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the Northern District of California, or the Court's own orders.

1   Dated:  October 4, 2021          ARTURO J. GONZÁLEZ
                                     TIFFANY CHEUNG
2                                    ALEXIS A. AMEZCUA
                                     SABRINA LARSON
3                                    MORRISON & FOERSTER LLP

4
                                     By:  /s/ Alexis A. Amezcua
5                                          Alexis A. Amezcua

6                                          Attorneys for Defendant
                                           APPLE INC.
7

8   Dated:  October 4, 2021          STEVE W. BERMAN
                                     THOMAS E. LOESER
9                                    PETER A. SHAEFFER
                                     HAGENS BERMAN SOBOL SHAPIRO LLP
10
                                     TINA WOLFSON
11                                   THEODORE W. MAYA
                                     BRADLEY K. KING
12                                   CHRISTOPHER E. STINER
                                     AHDOOT & WOLFSON PC
13

14                                   By:  /s/ Steve W. Berman
                                           Steve W. Berman
15
                                           Attorneys for Plaintiffs
16

17                      **[PROPOSED] ORDER**

18

19
PURSUANT TO STIPULATION, IT IS SO ORDERED.
20

21

22  Dated:   October 6, 2021        _____
                                           Honorable William H. Orrick
23                                         United States District Court

24

25

26

27

28

**EXHIBIT A-1**

**GENERAL ACKNOWLEDGMENT OF CONFIDENTIALITY AND AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

I, _____, acknowledge and declare that I have received a copy of the Protective Order ("Order") in *Anderson et al. v. Apple Inc.*, United States District Court for the Northern District of California, Civil Action No. 3:20-cv-02328-WHO.

Having read and understood the terms of the Order, I agree to comply with and be bound by the terms of the Order and consent to the jurisdiction of said Court for the purpose of any proceeding to enforce the terms of the Order. I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to the Order to any person or entity except in strict compliance with the provisions of the Order.

I will access and review Protected Material that may be provided to me solely for the purpose of my role in assisting with prosecuting, defending, or attempting to settle this litigation or to comply with judicial process or any applicable statute or regulation and for no other purpose whatsoever. I further agree not to disclose any Protected Material except as allowed by the terms of the Order. I will only make such copies of or notes concerning the Protected Material as are necessary to assist with prosecuting, defending, or attempting to settle this litigation or to comply with judicial process or any applicable statute or regulation in connection with this action. Upon final determination of this action, I shall promptly and securely destroy or delete all Protected Material provided to me as well as any hard and electronic copies, abstracts, derivations, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. I understand that my obligations pertaining to the Protected Material continue even after the conclusion of the action.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of the Order, even if such enforcement proceedings occur after termination of this action.

Name of individual: _____

Present occupation/job description: _____

_____

_____

Name of Company or Firm: _____

Address:_____

Dated: _____

_____
[Signature]

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT A-2**

**EXPERT/CONSULTANT ACKNOWLEDGMENT OF CONFIDENTIALITY AND
AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

I, _____, acknowledge and declare that I have received

a copy of the Protective Order ("Order") in *Anderson et al. v. Apple Inc.*, United States District

Court for the Northern District of California, Civil Action No. 3:20-cv-02328-WHO.

Having read and understood the terms of the Order, I agree to comply with and be

bound by the terms of the Order and consent to the jurisdiction of said Court for the purpose of any

proceeding to enforce the terms of the Order.  I understand and acknowledge that failure to so

comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly

promise that I will not disclose in any manner any information or item that is subject to the Order

to any person or entity except in strict compliance with the provisions of the Order.

I will access and review Protected Material that may be provided to me solely for

the purpose of my role in assisting with prosecuting, defending, or attempting to settle this litigation

or to comply with judicial process or any applicable statute or regulation and for no other purpose

whatsoever.  I further agree not to disclose any Protected Material except as allowed by the terms

of the Order.  I will only make such copies of or notes concerning the Protected Material as are

necessary to assist with prosecuting, defending, or attempting to settle this litigation or to comply

with judicial process or any applicable statute or regulation in connection with this action.  Upon

final determination of this action, I shall promptly and securely destroy or delete all Protected

Material provided to me as well as any hard and electronic copies, abstracts, derivations,

compilations, summaries, and any other format reproducing or capturing any of the Protected

Material.  I understand that my obligations pertaining to the Protected Material continue even after

the conclusion of the action.

By signing below, I hereby confirm that: (1) I am not a current officer, director, or

employee of a Party or of a competitor of a Party, nor anticipated at the time of retention to become

an officer, director, or employee of a Party or of a competitor of a Party; (2) I am not involved in

competitive decision-making; (3) I will access the materials in the United States only, and will not transport them to or access them from any foreign jurisdiction; and (4) I shall not at any time, either during the pendency of these proceedings or after conclusion of these proceedings, use or divulge any of the CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY information made available to me pursuant to the Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of the Order, even if such enforcement proceedings occur after termination of this action.

Name of individual: _____

Present occupation/job description: _____

_____

_____

Name of Company or Firm: _____

Address:_____

Dated: _____

_____

[Signature]

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ECF ATTESTATION**

I, ALEXIS A. AMEZCUA, am the ECF User whose ID and password are being used to file this **STIPULATED PROTECTIVE ORDER**.  In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that Steve W. Berman, counsel for Plaintiffs, has concurred in this filing.

Dated:  October 4, 2021

ALEXIS A. AMEZCUA
MORRISON & FOERSTER LLP


By:   */s/ Alexis A. Amezcua*
ALEXIS A. AMEZCUA

Attorneys for Defendant
APPLE INC.